IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| VAL HOFFMAN and JAYSEN ALLEN HAYES, individually and on behalf of all others similarly situated, § § § § Plaintiffs, § § v. § § CEMEX, INC.; CEMEX CEMENT, INC.; CEMEX MANAGEMENT, INC.; CEMEX CEMENT OF TEXAS, L.P.; and CEMEX CONSTRUCTION MATERIALS SOUTH LLC, § § § § § § Defendants. § | CIVIL ACTION NO. H-09-3144 |

**MEMORANDUM AND ORDER**

Val Hoffman and Jaysen Allen Hayes filed this Fair Labor Standards Act ("FLSA") suit against Cemex to recover unpaid overtime for themselves and other similarly situated employees. The plaintiffs allege that they regularly worked more than 40 hours per workweek and were not paid at a time-and-a-half rate for their overtime hours. Cemex has moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that the factual allegations in the plaintiffs' complaint are insufficient to state a claim. (Docket Entry No. 7). Cemex moved in the alternative for a more definite statement under Rule 12(e). (*Id.*). The plaintiffs have responded. (Docket Entry No. 9). Based on a careful review of the motion and response, the complaint, and the applicable law, this court denies Cemex's motion to dismiss and motion for a more definite statement. The reasons for these rulings are explained below.

**I.      The Allegations in the Complaint**

Hoffman, a Texas resident, alleged that he worked for Cemex as a "Ginco support technician and a field service/command support technician" from June 2002 through July 2009. (Docket Entry No. 1, ¶ 15). Hayes, a Wyoming resident, alleged that from March 1989 through June 2009, he worked for Cemex as a mixer driver, plant manager, and Ginco support technician. (*Id.*, ¶ 16). According to the plaintiffs, "Ginco support technicians, field service/command support technicians, mixer drivers, [and] plant managers, including Hoffman and Hayes, are responsible for providing information technology support and related services." (*Id.*, ¶ 17). The plaintiffs alleged that although they did not fall under any exemption to the FLSA's overtime requirement, they and others in similar positions at Cemex regularly worked more than 40 hours per week but were paid at regular rates for the overtime hours. (*Id.,* ¶¶ 18, 25, 27). The plaintiffs alleged that Cemex did not make a good faith effort to comply with the FLSA and undercompensated them "knowingly, willfully, and with reckless disregard." (*Id.*, ¶¶ 33, 34).

Cemex has moved to dismiss under Rule 12(b)(6), arguing that the plaintiffs have not pleaded sufficient facts to state a claim under the FLSA. (Docket Entry No. 7). Cemex argues that the plaintiffs' wilfulness and collective-action allegations are also insufficient. (*Id.*). In the alternative, Cemex has moved for a more definite statement under Rule 12(e). (*Id.*). The plaintiffs responded by arguing that the existing complaint is sufficient to proceed and that any attempts to dismiss the wilfulness allegations or prevent the case from proceeding as a collective action are premature. (Docket Entry No. 9).

The motions and responses are considered below.

## II. The Applicable Law

### A. Rule 12(b)(6)

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). *Twombly* abrogated the Supreme Court's statement in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Twombly*, 550 U.S. at 562–63 ("*Conley's* 'no set of facts' language . . . is best forgotten as an incomplete, negative gloss on an accepted pleading standard . . . ."). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. 544, 127 S. Ct. at 1974).

In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court elaborated on the pleading standards discussed in *Twombly*. The Court set out a procedure for evaluating whether a complaint should be dismissed:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 129 S. Ct. at 1950. This procedure requires the court to engage in a two-step analysis. First, the court should identify which statements in the complaint are factual allegations and which are

3

legal conclusions. *See Iqbal*, 129 S. Ct. at 1950. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 555). The *Iqbal* Court explained: "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950. Second, the court must assume the truth of all factual allegations and determine whether those factual allegations allege a plausible claim. *See id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id.* (internal citation omitted) (quoting FED. R. CIV. P. 8(a)(2)).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *see also United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion.") (internal citation omitted). However, a court may deny leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face . . . ." 6 CHARLES

4

ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990) (footnote omitted); *see also Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999) ("A district court acts within its discretion when dismissing a motion to amend that is frivolous or futile." (footnote omitted)).

### B.     Rule 12(e)

A party is entitled to a more definite statement when a portion of the pleadings to which a responsive pleading is allowed "is so vague or ambiguous that the party cannot reasonably prepare a response." FED R. CIV. P. 12(e). "[M]otions for a more definite statement are generally disfavored." *Russell v. Grace Presbyterian Village,* No. 3:05-cv-0030, 2005 WL 1489579, at *3 (N.D. Tex. June 22, 2005) (citing 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1377 (2d ed. 1990)); *see also* 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1376, at 306 (3d ed. 2004) ("The 1948 Amendment of Federal Rule 12(e) makes it clear that the availability of a motion for a more definite statement is quite restricted.").

"Whether to grant a motion for a more definite statement is a matter within the discretion of the trial court." *Russell,* 2005 WL 1489579, at *3 (citing *Mitchell v. E-Z Way Towers, Inc.,* 269 F.2d 126, 130 (5th Cir. 1959)). "When a party moves for a more definite statement under Rule 12(e), the court is granted discretion to determine whether the complaint is so vague that the moving party cannot reasonably be required to frame a responsive pleading." *Chapman v. Dallas County Cmty. Coll. Dist.*, No. 3:05-cv-1809, 2006 WL 3442057, at *4 (N.D. Tex. Nov. 29, 2006) (citing *Mitchell,* 269 F.2d at 130). When a defendant is complaining of matters that can be clarified and developed during discovery, not matters that impede his ability to form a responsive pleading, an order

5

directing the plaintiff to provide a more definite statement is not warranted. *Arista Records LLC v. Greubel,* 453 F. Supp. 2d 961, 972 (N.D. Tex. 2006) (citing *Mitchell,* 269 F.2d at 132). Nevertheless, parties may rely on Rule 12(e) as a mechanism to enforce the minimum requirements of notice pleading.  5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1203, at 99 (3d ed. 2004) ("[T]he form and sufficiency of a statement of a claim for relief under Rule 8(a)(2) may be tested . . . by a motion for a more definite statement[.]").

### III.   Analysis

#### A.   Rule 12(b)(6)

The plaintiffs allege that they were classified as nonexempt, that they regularly worked more than 40 hours per workweek, and that they were not paid time-and-a half for those overtime hours. Those are all factual allegation– not legal conclusions–and, if proven, they give rise to a plausible claim for relief. *See Qureshi v. Panjwani*, 2009 WL 1631798, at *3 (S.D. Tex. June 9, 2009) (finding that plaintiffs had pleaded sufficiently to state a claim where they alleged that they were employed by the defendants, that they did the work ordinarily performed by nonexempt workers and that "they were required to work in excess of a forty-hour work week without overtime compensation.").  A complaint must give the defendant fair notice of what the claim is and the grounds on which it rests. The plaintiffs' allegations satisfy both requirements. The allegations give Cemex notice that the claim is one for unpaid overtime under the FLSA and that it is based on a failure to pay employees time-and-a-half for hours worked in excess of 40 per workweek.  The complaint is not replete with detailed factual allegations, but such details are not required to meet Rule 8(a) in the specific context of FLSA overtime claims. *See, e.g., Connolly v. Smugglers' Notch Management Co.*, 2009 WL 3734123, at *3 (D. Vt. Nov. 5, 2009) ("While provision of time periods

would certainly be more informative, the allegations have put the defendant on notice [of FLSA claim], and, with this, Smugglers' Notch can easily determine time periods on its own by looking at company records, which it is required to keep by law."); *Acho v. Cort*, 2009 WL 3562472, at *2, 3 (N.D. Cal. Oct. 27, 2009) (denying motion to dismiss FLSA overtime claim based on plaintiff's allegation "that he worked more than forty hours per week and did not receive compensation for those overtime hours," noting that "[i]t cannot be the case that a plaintiff must plead specific instances of unpaid overtime before being allowed to proceed to discovery to access the employer's records."); *see also Iqbal*, 129 S. Ct. at 1950 ("Determining whether a complaint states a plausible claim for relief will . . .be a context-specific task . . . ."). Dismissal is not appropriate on the core allegations of liability.

As to the allegations of wilfulness, although the plaintiffs have not pleaded specific facts about any decisionmaker's state of mind, they have made factual allegations that, if proven, would support an inference of intent. *See Braden v. Wal-Mart Stores, Inc.*, --- F.3d ----, 2009 WL 4062105, at *7 (8th Cir. Nov. 25, 2009) ("Rather, it is sufficient for a plaintiff to plead facts indirectly showing unlawful behavior, so long as the facts pled give the defendant fair notice of what the claim is and the grounds upon which it rests and allow the court to draw the reasonable inference that the plaintiff is entitled to relief." (internal quotations and alterations omitted)). The plaintiffs have alleged that they were paid their regular rate for overtime hours, not that those hours were unrecorded, meaning that Cemex knew the plaintiffs were working more than 40 hours per week. The plaintiffs have also alleged that Cemex failed to pay time-and-a-half for those hours. At this stage, those allegations are sufficient. *See, e.g., McCollim v. Allied Custom Homes*, 2009 WL 1098459, at *3 (S.D. Tex. Apr. 23, 2009) (denying Rule 12(b)(6) motion to dismiss FLSA

complaint, in which the plaintiff alleged only "that she was misclassified; and that as a result, she was not paid for work in excess of forty hours in a workweek at a one and one-half overtime rate" and that the violation was willful); *Burroughs v. MGC Services, Inc.*, 2009 WL 959961, at *5 (W.D. Pa. Apr. 7, 2009) (rejecting defendant's argument that allegations of willfulness were insufficient because the complaint "fail[ed] to allege conduct which would support a claim of willfulness," and finding it appropriate to consider the issue later in the case.). Dismissal of the willfulness allegations is not appropriate.

With respect to the collective action issue, the plaintiffs need not plead facts to support the propriety of a collective action to survive a Rule 12(b)(6) motion. Whether proceeding collectively is appropriate will be addressed when the plaintiffs move for conditional certification and issuance of notice to the class. If the class is conditionally certified and notice is issued, Cemex may later move for decertification, at which point the appropriateness of class certification will be subjected to a more searching inquiry. *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995) (citing *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D. N.J. 1987)) (describing the two-stage certification process available in FLSA cases). Dismissal of the collective-action allegations is not warranted.     **B.     Rule 12(e)**

For the same reasons, there is also no need for a more definite statement. The plaintiffs have provided notice of the claims and the factual bases on which they rest, which is what the Federal Rules require. *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999); *see also Taylor v. Pittsburgh Mercy Health Sys., Inc.*, 2009 WL 2992606, at *2 & n.1 (W.D. Pa. Sept. 17, 2009) (denying a motion for more definite statement, noting that "[a]lthough Defendants assert that the details regarding Plaintiffs' alleged pre- and postliminary work and/or training may excuse

FLSA liability, these arguments are better suited for resolution at a later stage in the proceedings." (internal record citation omitted)).  The allegations in the existing complaint provide Cemex with the information it needs to respond to the complaint and begin defending the action.

**IV.     Conclusion**

    Cemex's motion to dismiss and motion for a more definite statement are denied.

    SIGNED on December 8, 2009, at Houston, Texas.

                                                           Lee H. Rosenthal
                                         United States District Judge